UNITED SATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**GINA SIGNOR**, individually,
and on behalf of all those similarly situated,

      Plaintiff,

**vs.**
                           Case No:  0:19-cv-61937-XXXX

**SAFECO INSURANCE COMPANY OF
ILLINOIS,**

      Defendant.

_____/

**<u>MOTION FOR REMAND</u>**

      Plaintiff, Gina Signor, individually, and on behalf of all those similarly situated

("**Plaintiff**"), pursuant to 28 U.S.C. § 1447(c), files this Motion to Remand in opposition to the

Notice of Removal, (Doc. #1), filed by Defendant, Safeco Insurance Company of Illinois.

("**Defendant**").

**Introduction and Background**

      1.      This is a putative class action lawsuit. The Plaintiff, and those similarly situated,

are insureds of Defendant who were underpaid by Defendant following the total loss of their

automobiles.

      2.      The Plaintiff filed a four-count lawsuit in the Seventeenth Judicial Circuit Court,

Broward County, Florida alleging that Defendant routinely and wrongfully failed to correctly

calculate the actual cash value in total loss vehicle claims pursuant to Defendant's policy and

statute. Count I seeks class-wide declaratory relief, Count II seeks class-wide damages for breach

of contract due to use of an impermissible database, Count III seeks class-wide damages for

breach of contract on unpaid dealer fees., and Count IV seeks class-wide damages for breach of

contract on Defendant's taking of salvage values.

3.      Defendant removed the case to this Court on August 1, 2019. (Doc. #1).

4.      This putative class action is founded on questions of state contract law and state statutory interpretation. As explained herein, Defendant's Notice of Removal submitted **no evidence** in regards to the amount in controversy and instead relies on conclusory statements to support its contention that this case meets the applicable amount in controversy.  Accordingly, this case should be remanded back to state court.

**Motion to Remand**

6.   On August 1, 2019, Defendants filed a Notice of Removal, (Doc. #1), asserting that this Court has jurisdiction pursuant to the Class Action Fairness Act ("**CAFA**").  Defendant's Notice of Removal, however, fails to satisfy the applicable amount in controversy requirements.

8.   Specifically, 28 U.S.C. § 1332(d)(2) requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" in order for the District Court to have jurisdiction under CAFA.

9.   As explained in the Plaintiff's memorandum of law below, Defendant has failed to properly establish that the amount in controversy exceeds this Court's jurisdictional threshold, and therefore, this case must be remanded back to state court.

**Memorandum of Law**

**A.      Legal Standard for Removal**

When any "action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Because the "Federal courts are courts of limited jurisdiction," they "may not proceed without requisite jurisdiction" and, therefore, must "constantly examine the basis of jurisdiction." *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013);

*Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981).

The removing party bears the burden of showing that removal was proper. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008); *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1242 (11th Cir. 2001) (defendant has "the burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence"). Because removal jurisdiction raises significant federalism concerns, removal and jurisdictional statutes are strictly construed against jurisdiction and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76-77 (1941); *University of South Alabama*, 168 F.3d at 411. There is a strong presumption against removal, and every doubt concerning whether removal was proper should be resolved in favor of remand. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938).

In addition, whether a claim exceeds the federal court's jurisdictional threshold should be determined using an objective standard. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). Neither subjective intent nor personal belief is a proper measure. *Id*. Furthermore, removability is to be determined according to the plaintiff's pleading at the time of the petition for removal. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996).

In *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010), the Eleventh Circuit clarified that when a plaintiff makes an unspecified demand for damages in a state court complaint, the removing defendant must prove that the amount in controversy exceeds the jurisdictional requirement by a preponderance of the evidence. *Id*. at 1061 (citing *Tapscott*, 77 F.3d at 1357). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to

meet the defendant's burden." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

Under CAFA, where damages are unspecified, it remains the defendant's burden to establish the jurisdictional amount by a preponderance of the evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citing *Williams*, 269 F.3d at 1319); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006) ("CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction."); *see also Lowery v. Alabama Power*, 483 F.3d 1184, 1208-10 (11th Cir. 2007) (in *dicta*).  In a CAFA case, if the jurisdictional amount is not apparent based on the allegations of the complaint, the court should look to the notice of removal for "'evidence relevant to the amount in controversy at the time the case was removed.'" *Pretka*, 608 F.3d at 754 (citing *Williams*, 269 F.3d at 1319).

Although based on *Pretka*, there does not appear to be many limits on the types of evidence that the court can consider, it is clear that the type of "bare" and "conclusory" testimony offered by Defendant in this case is inadequate to confer jurisdiction under CAFA. *See Pretka*, 608 F.3d at 752-756 (citing *Lowery*, 483 F.3d at 1208-20).

**B.    Defendant has failed to demonstrate that the amount in controversy gives the Court subject matter jurisdiction.**

Here, the Defendant places, without any citation to and support of any evidence, the value of the prospective class at more than $20 to $23 million dollars. In arriving at these figures, Defendant relies on an assumed number of 15,000 similarly situated total loss insureds, each with an approximately $1,333.00 to $1,500.00 extra owed per total claim. However, at no point in Defendant's Notice of Removal does Defendant actually rely on evidence to substantiate the total number of insureds that Defendant has underpaid. Defendant does not list any employee's

name who verified this data, does not list an employee's position or credentials who verified this data, and certainly did not attach any company employee's affidavit under oath attesting to this data. Defendant seemingly seems to pluck the total number of affected insureds out of thin air. In a similar fashion, Defendant assumes, without any valid citation, reference or verification, that each of the average underpayments made to its insureds would be equal to Ms. Signor's underpayment amount. Defendant seems content that the Court should take the stated numbers completely at face value because, Defendant ultimately relies on its singular statement that "Safeco provides this potential damage calculation solely to evaluate the amount in controversy under CAFA." *See* Notice of Removal, page 6, footnote 2. Defendant entirely failed to cite any source of the amount in controversy evaluation, choosing instead to baldly proclaim that the CAFA threshold was met.

Because of the unsupported and conclusory nature of Defendant's statements in its Notice of Removal, neither the Plaintiff nor this Court has any basis to verify or corroborate the accuracy of the purported amount in controversy. In this case, Defendant's Notice of Removal fails to meet its burden to demonstrate by a preponderance of the evidence that the CAFA threshold has been met. Indeed, Defendant's bare statements provide no competent admissible evidence that identifies the factual bases on which Defendant's statements are made. Defendant provides zero indication of what records were reviewed, who reviewed them, how they were reviewed or even what information in them was utilized to come to the conclusions reached.

As such, Defendant's Notice of Removal does not grant the Court subject matter jurisdiction here because Defendant failed to prove by a preponderance of the evidence that the amount in controversy exceeded $5,000,000 as of the date of removal. Defendant's valuation of the amount in controversy is not only an erroneous interpretation of Plaintiff's claims, but is also

not supported by competent evidence.  Accordingly, the case should be remanded back to State Court.

**C.      Plaintiff is entitled to an award of attorneys' fees and costs.**

Plaintiff has incurred attorneys' fees and costs to prepare and file this motion for remand. Plaintiff is therefore entitled to an award of those fees and costs because Defendant's removal lacked any objectively reasonable basis. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

This Court has the discretion to award attorneys' fees associated with a motion for remand, and an award of attorneys' fees is appropriate here.  The Supreme Court has held that "the standard for awarding fees should turn on the **reasonableness** of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Generally, the district court should award fees under § 1447(c) when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

A notice of removal that provides no bases for removal is one that lacks an objectively reasonable basis and therefore supports the award of attorneys' fees and costs. *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006); *Devine v. Prison Health Servs., Inc.*, 212 Fed. Appx. 890, 893 (11th Cir. 2006) (affirming an award of attorneys' fees based on the district court's determination that the defendant had no objectively reasonable basis for removal); *Tran v. Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286, 1295-96 (M.D. Fla. 2003) (awarding attorneys' fees because the court could determine "with relative ease" that the notice of removal was "patently improper").

In *Rae v. Perry*, 392 Fed. Appx. 753, 755-56 (11th Cir. 2010), the Eleventh Circuit Court

of Appeals determined that because the removing defendant failed to present evidence that showed by a preponderance of the evidence that the "compensatory and unspecified damages in the complaint, including punitive damages and attorneys' fees, alone or combined, met the jurisdictional amount," the defendant's "calculations were based on his own speculation, and therefore, were not objectively reasonable."  Accordingly, the court affirmed the district court's award of attorneys' fees under § 1447(c) and *Martin*, 546 U.S. at 141.

Just as in *Rae*, because its calculations regarding the amount in controversy are conclusory and entirely unsubstantiated, Defendant here lacked an objectively reasonable basis for seeking removal.  Although Defendant was aware of its burden to demonstrate that the Court has subject matter jurisdiction, it failed to do so.  Therefore, the Court should award Plaintiff his costs and attorneys' fees and enter an order setting a procedure for Plaintiff to submit evidence as to the costs and attorneys' fees incurred and for Defendant to respond.

## CONCLUSION

The Notice of Removal lacks any support for Defendant's unfounded assertion that the amount in controversy exceeds $5,000,000.  Because Defendant has failed to show that the Court has subject matter jurisdiction, Plaintiff respectfully requests this Court remand this case back to the Seventeenth Judicial Circuit Court in and for Broward County, Florida, and award Plaintiff her reasonable attorneys' fees and costs incurred in preparing this motion for remand.

## Local Rules 7.1(a)(3) Certificate

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiff has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. Counsel for Plaintiff additionally states that Defendant does not agree to the relief requested in this motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this 27th day of August, 2019, I electronically filed the foregoing with the Clerk of Court by using this Court's CM/ECF system that will send a notice of electronic filing to all counsel of record.

Respectfully Submitted,

/s/Scott R. Jeeves_____

Scott R. Jeeves, Esquire FBN 0905630
Primary Email: sjeeves@jeeveslawgroup.com
Secondary Email: khill@jeeveslawgroup.com
     lawclerk@jeeveslawgroup.com
rmandel@jeevesmandellawgroup.com
**THE JEEVES LAW GROUP, P.A**.
954 First Avenue North
St. Petersburg, FL 33705
Telephone: (727) 894-2929

and

Craig E. Rothburd, Esquire FBN 49182
Email: craig@rothburdpa.com
   maria@rothburdpa.com
**CRAIG E. ROTHBURD, P.A.**
320 W. Kennedy Blvd., Suite 700
Tampa, FL 33606
Telephone: (813) 251-8800

and

Casim Adam Neff, Esquire FBN 94030
**Neff Insurance Law, PLLC**
P.O. Box 15063
St. Petersburg, FL 33733-5063
Telephone: (727) 342-0617
Primary: cneff@neffinsurancelaw.com

and

Edward H. Zebersky, Esq. FBN 0908370
Mark S. Fistos, Esq. FBN 909191
**ZEBERSKY PAYNE, LLP**

110 S.E. 6th Street, Suite 210
Ft. Lauderdale, FL 33301
Telephone: (954) 989-6333
Emails: ezebersky@zpllp.com;
mfistos@zpllp.com; ndiaz@zpllp.com

and

Alec H. Schultz, Esq. FBN 35022
Carly A. Kligler, Esq. FBN 83990
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
Telephone: (305) 740-1975
Primary: ashultz@leoncosgrove.com;
ckligler@leoncosgrove.com

and

Arthur M. Murray, (La. Bar # 27694)
(to appear pro hac vice)
MURRAY LAW FIRM
Suite 2150 Poydras Center
650 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 525-8100
Facsimile: (504) 584-5249
Email:amurray@murraylawfirm.com

**ATTORNEYS FOR PLAINTIFF GINA
SIGNOR AND THE CLASS**